# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) NO. 3:20-cv-00856 |
| v. | ) ) JUDGE CAMPBELL ) MAGISTRATE JUDGE FRENSLEY |
| JASON HARPER and MICHELLE HARPER, | ) ) ) |
| Defendants/Counter-Plaintiffs. | ) ) |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Review of Nondispositive Order of Magistrate Judge filed by Plaintiff/Counter-Defendant State Farm Fire and Casualty Company ("State Farm" or "Plaintiff"). (Doc. No. 36). Through the Motion, State Farm seeks review of the Magistrate Judge's August 13, 2021 Order (Doc. No. 35), which granted the Motion to Compel Appraisal (Doc. No. 16) filed by Defendants/Counter-Plaintiffs Jason and Michelle Harper ("the Harpers" or "Defendants"). The Harpers filed a response in opposition to the Motion for Review (Doc. No. 49), State Farm filed a Reply (Doc. No. 50), and the Harpers filed a Sur-Reply (Doc. No. 53). The Harpers also filed two notices of supplemental authority. (Doc. Nos. 54, 59).

## I. BACKGROUND

This case involves an insurance dispute regarding the amount owed to the Harpers as a result of damage to their home from a tornado in the Nashville area on March 3, 2020. (Compl., Doc. No. 1, ¶ 10). The Harpers insured the home through a home insurance policy with State

Farm. (*Id*., ¶ 7). After the tornado, the Harpers filed an insurance claim with State Farm. (*Id*., ¶ 11). State Farm retained a company called NV5 to conduct an inspection of the property. (*Id*., ¶ 13). Based on the inspection, State Farm estimated the cost to repair the property to be $135,054.54. (*Id*., ¶ 16). The Harpers retained engineer Eduard C. Badiu ("Dr. Badiu") to perform a structural assessment of the property. (*Id*., ¶ 17). Dr. Badiu opined that the home was a total loss and recommended the home be demolished and rebuilt. (*Id*., ¶ 18, Ex. C). On May 21, 2020, the Harper's public adjuster, Jordan Murray, sent a letter to State Farm stating that the estimate to rebuild a new structure is $303,357.22. (*Id*., ¶ 19, Ex. D).

Mr. Murray also forward an email to State Farm from Mark Kirk with the City of Mt. Juliet Building Department. (Doc. No. 1-5). Mr. Kirk stated that "City Code 8-52" provides that "if the cost to repair the property is in access [sic] of 50% of the property value, it would have to be demolished." Mr. Kirk stated that "the total market appraisal [of the property], according to Wilson County, is $95,500.00." (*Id*.). He concluded, "There is no inspection that the Building Department would do at this time. We will need a full set of plans to review for the new structure." (*Id*.).

On June 5, 2020, the Harpers formally requested an appraisal pursuant to the appraisal provision of the Policy. The appraisal provision states:

> **Appraisal**. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the

> appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

(Policy, Doc. No. 1-1 at 18).

State Farm denied the appraisal request three times. (*See* Doc. No. 17-4, 17-7, 17-9). In the last denial on August 17, 2020, State Farm wrote, "The loss appraisal process is designed to be used when there is a disagreement about the value of the lost property. It is not designed for an appraisal process to determine the scope of work to be completed in repairing a home. … Here, there is an issue as to whether the specific repairs the Plaintiffs are seeking are covered per the engineer's recommendations. It is not an issue of the cost of those repairs." (Doc. No. 17-9).

On October 2, 2020, State Farm filed the instant lawsuit, seeking declaratory judgment that (1) the appraisal provision of the policy does not apply in this instance, where there is a difference in opinion regarding the scope of work to be performed, (2) the Harpers are only entitled to recovery provided for in the scope of work as defined by NV5; and (3) that the City of Mt. Juliet's valuation using the tax assessed value is incorrect. (Doc. No. 1, ¶ 36).

The Harpers filed a counterclaim bringing claims for breach of contract (including for failure to submit to the appraisal process) and statutory bad faith. (Doc. No. 10 at 10-23). The Harpers seek compensatory damages, punitive damages, a statutory bad faith penalty, costs, pre and post judgment interest, and an order compelling State Farm to proceed with an appraisal of the amount of the loss. (*Id*. at 22-23).

The Harpers filed a Motion to Compel Appraisal, seeking "specific performance of the appraisal clause." (Doc. No. 16). The Magistrate Judge granted the Motion. (Doc. No. 35). State Farm filed a motion for review of the Magistrate Judge's Order. (Doc. No. 36).

## II. STANDARD OF REVIEW

As an initial matter, State Farm argues that the Magistrate Judge's Order is dispositive of the Parties' claims for declaratory judgment on the applicability of the appraisal provision in the Policy and is, therefore, subject to *de novo* review. (Doc. No. 37 at 5). The Harpers do not dispute that the motion to compel appraisal is dispositive of certain claims, but argue that State Farm has waived the argument that the motion to compel is a dispositive motion because it failed to raise that issue before the Magistrate Judge. (Doc. No. 49 at 17).

The standard of review is an issue of law to be resolved by the Court. The standard of review depends on the procedural posture of the case and the nature of the issue to be reviewed. *Vogel v. United States Office Prods. Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001). The Harpers characterize their motion to compel appraisal as requesting "specific performance of the appraisal clause." (Doc. No. 17 at 5-6). This is the same relief the Harpers specifically request in their Counterclaim. (*See* Doc. No. 10 at 23). Moreover, determination of whether the Harpers are entitled to specific performance of the appraisal clause requires interpretation of the Policy language that is the subject their claim for breach of contract based on State Farm's "refusing to submit to the appraisal process that was properly invoked by the Harpers to resolve the parties' dispute concerning the amount of the Loss." (Doc. No. 10, ¶ 84). State Farm also requests declaratory judgment on this same issue – "that the appraisal demand does not apply." (Doc. No. 1 at 6).

4

The Court finds the Motion to Compel Appraisal, which will resolve dispositive claims in this case, is a dispositive motion. *See Vogel*, 258 F.3d at 514-15 (whether a motion is dispositive depends on the motion's potential effect on litigation).

The Court reviews a Magistrate Judge's rulings on dispositive motions *de novo*. *See* 28 U.S.C. § 636(b)(1)(B); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (a district court reviews a magistrate judge's finding regarding dispositive motions *de novo*). Arguments not raised before the Magistrate Judge are not properly raised before the district court in a motion for review. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (citing *Ward v. United States*, 208 F. 3d 216 (table) (6th Cir. 2000)).

State Farm has waived any argument that a motion to compel is not the proper procedural mechanism to seek specific performance of the appraisal clause. State Farm did not raise this argument before the Magistrate Judge, and the Court will not consider it upon review.[1]

### III.     ANALYSIS

As discussed above, the Parties dispute whether the appraisal clause in the Policy, which provides that if the Parties "fail to agree on the amount of loss," either party can demand that the amount of loss be set by appraisal, applies to their dispute over the scope of work required to return the property to its pre-loss condition and the cost of that work.

---

[1] In its opposition to the motion to compel, State Farm noted that the Harpers had not cited any Federal Rules of Civil Procedure to support their position, but did not argue that the Court should deny the motion on that basis. Instead, State Farm argued only that the terms of the Policy did not mandate appraisal. (*See* Doc. No. 23 at 5). In addition, in a footnote, State Farm stated, "essentially, the Harpers' Motion is a motion for summary judgment as to State Farm's actions despite the fact that genuine issues of material fact exist as to the scope of work performed." (*Id*. at 5 n.5). Neither of these vague assertions advances a substantive argument on the procedural issue.

5

Case 3:20-cv-00856   Document 60   Filed 03/31/22   Page 5 of 10 PageID #: 767

In a diversity action, the substantive law of the forum state controls under the forum's choice of law principles. *See In re Air Crash Disaster*, 86 F.3d 498, 540-41 (6th Cir. 1996) (*citing Klaxton Co. v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 496 (1941)). "In Tennessee, absent a valid choice of law provision, the rights and obligations under an insurance policy are governed by the law of the state where the insurance policy was 'made and delivered.'" *Charles Hampton's A-1 Signs, Inc. v. Am. States Ins. Co*., 225 S.W.3d 482, 485 n.1 (Tenn. Ct. App. 2006). Because the Policy was issued and delivered in Tennessee, the Court will apply Tennessee substantive law to the interpretation and effect of the Policy.

Under Tennessee law, "an insurance policy is a contract, and as such, [the court's] analysis must be grounded in principles of contract law." *Christenberry v. Tipton*, 160 S.W.3d 487, 492 (Tenn. 2005). Thus, the terms of an insurance contract "should be given their plain and ordinary meaning." *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012). Where the language of the policy is clear and unambiguous, the court must give effect to that meaning. *Id*. Courts must construe insurance policies "as a whole in a reasonable and logical manner." *Travelers Indem. Co. of Am. v. Moore & Assocs., Inc*., 216 S.W.3d 302, 306 (Tenn. 2007); *see also*, *Shempert v. Cox*, 513 S.W.3d 469, 473 (Tenn. Ct. App. 2016) ("The policy should be construed 'as a whole in a reasonable and logical manner' and the language in dispute should be examined in the context of the entire agreement.").

"Language in an insurance policy is ambiguous if it is susceptible of more than one reasonable interpretation." *Artist Bldg. Parters v. Auto-Owners Mut. Ins. Co*., 435 S.W.3d 202, 216 (Tenn. Ct. App. 2013) (citing *Tata v. Nichols*, 848 S.W.2d 649, 650 (Tenn. 1993)). "Ambiguity in a contract is doubt or uncertainty arising from the possibility of the same

6

language being fairly understood in more ways than one." *Id*. (quoting *Mid-Century Ins. Co. v. Williams*, 174 S.W.3d 230, 240 (Tenn. Ct. App. 2005)). "When a provision that purports to limit insurance is ambiguous, it must be construed against the insurance company and in favor of the insured." *Id*. (quoting *Gates v. State Auto Mut. Ins. Co*., 196 S.W.3d 761, 764 (Tenn. Ct. App. 2005)).

The Court's analysis of the applicability of the appraisal clause begins and ends with the plain language of the policy. The Policy language at issue is "amount of loss." The Policy provides that if the parties "fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal." (Doc. No. 10-1 at 18).

"Amount of loss" is "the monetary value of the property damage." *Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 152-53 (Tenn. Ct. App. 2001). In the insurance context, an appraisal is a means to quantify the monetary value of a property loss. *Thomas v. Std. Fire Ins. Co*., No. E2015-01224-COA-R3-CV, 2016 WL 638559, at * 6 (Tenn. Ct. App. Feb. 17, 2016); *Palatine Ins. Co. v. Morton-Scott-Robertson Co*., 61 S.W. 787, 791 (1901). The scope of the appraiser's authority is defined by the contract or other agreement of the parties, and typically is limited to valuation of damages. *Thomas*, 2016 WL 638559, at * 3; *see also*, *Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 152-53 (Tenn. Ct. App. 2001) (stating that the purpose of an appraisal is to value the property loss and not to resolve disputes over coverage issues).

State Farm argues that the appraisal provision does not apply because the dispute with the Harpers' is not a dispute as to the amount of damages, but to the scope of work opinions submitted by NV5 (the property can be repaired), and Dr. Badiu (the property is a total loss). The Harpers acknowledge a disagreement in the scope of repairs but argue that disagreement

7

over what is required to return the property to its pre-loss condition and the costs associated with that work amounts to a dispute over the amount of loss.

The Court agrees with the Magistrate Judge's determination that the parties have a dispute over the "amount of loss" and the appraisal provision should be enforced. State Farm does not dispute that the damage to the premises is a covered loss. The only dispute is what work needs to be done to return the property to its pre-loss condition. Under these circumstances, defining the "scope of work" is inherent in determining the value of the property damages – *i.e.*, the cost to return the property to its pre-loss condition.

Courts in Tennessee have enforced similar appraisal clauses. *See Kush Enter., LLC v. Mass Bay Ins. Co.*, No. 3:18-cv-492, 2019 WL 13117568 (E.D. Tenn. Nov. 7, 2019) (rejecting insurer's contention that the parties disagree only as to scope of loss and enforcing the appraisal clause and noting that "[c]ourts regularly compel appraisal pursuant to such provisions"); *Ingram v. State Farm Fire & Cas. Co.*, No. 1:21-cv-00075, 2021 WL 6133771 (E.D. Tenn. Dec. 14, 2021) (ordering parties to engage in contractual appraisal process because "[t]o decide otherwise in this instance would allow insurance agencies to avoid appraisals by claiming there is a coverage issue, even when the dispute concerns additional amounts of loss"); *Smith v. State Farm Fire and Cas. Co.*, No. 1:21-cv-01076, 2021 WL 5919025 (W.D. Tenn. Dec. 15, 2021) (affirming magistrate judge's order compelling appraisal); *Morrow v. State Farm Fire & Cas. Co.*, No. 1:21-cv-00133, 2022 WL 885863 (E.D. Tenn. Mar. 22, 2022) (granting motion to compel appraisal); *Global Aerospace, Inc. v. Phillips & Jordan Inc.*, No. 3:15-cv-105-PLR-CCS, 2015 WL 5514627, at * 2 (E.D. Tenn. Sept. 17, 2015) (ordering the parties to complete

the appraisal process in the policy when there was a dispute over the use of new versus old parts).

Moreover, enforcing the appraisal provision is consistent with the purpose of the appraisal process agreed to by the parties. "Estimating the dollar value of a loss presupposed a judgment of what repairs are necessary to recoup the loss. …[i]t is not surprising that the assessors may have some disagreement … about the scope and method of necessary repairs. But to say such disputes are sufficient to negate the appraisal provision in the policy would effectively eliminate appraisal as an alternative method of dispute resolution." *Williamson v. Chubb Indem. Ins. Co.*, No. 11-cv-6476, 2012 WL 760838, at * 4 (E.D. Penn. Mar. 8, 2012).

In the motion for review, State Farm argues for the first time that the District Court for the Eastern District of Tennessee recently denied a motion to compel appraisal in *Battles, Inc. v. Nationwide Gen. Ins. Co.*, No. 3:19-cv-13-DML-DCP, 2020 WL 6365513, at * 5 (E.D. Tenn. Mar. 10, 2020). The *Battles* court, however, merely declined to rule on the merits of the motion without a dispositive motion. (*Id*.). As previously discussed, because State Farm did not adequately raise the procedural issue before the Magistrate Judge, it has waived objections to the procedural posture of the motion to compel.

State Farm also objects to the Magistrate Judge's Order to the extent it is interpreted to preclude State Farm from challenging the requirement that the appraisal be performed by competent appraisers and umpires, and in otherwise challenging expert testimony which forms the basis of any appraisal. (Doc. No. 37 at 10-11). In addition, State Farm seeks to limit the appraisal process to any alleged damages to the Property which were incurred prior to State Farm's insurance payout in July of 2020. (*Id*. at 11).

9

The Harpers acknowledge that State Farm will remain free to raise any coverage and causation issues, including that the Harpers' alleged failure to mitigate damages is the cause of the damage to the structure. With regard to the scope of the appraisal, limiting the scope of the appraisal to damages incurred after a certain date, would require the appraisers to made assessments regarding causation, which State Farm has argued they may not do. Moreover, given that State Farm will be able to raise these issues at a later date, the Court does not find cause to limit the scope of the appraisal. Finally, engaging in the appraisal process does not waive the Parties' rights to challenge expert testimony under Rules 702 and 703 of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the reasons discussed, the Court finds that the dispute between the parties is with regard to the amount of damages, the Harpers properly invoked the appraisal clause in the Policy, and that the plain language of the Policy requires the parties to complete the appraisal process. Accordingly, the Magistrate Judge's Order (Doc. No. 35) is **AFFIRMED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE